IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL MCDONALD, et al.<br><br>    Plaintiffs,<br><br>vs.<br><br>BEKO ASSOCIATES, INC., a Utah Corporation; and BEATRIX KOEV, individually,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS<br><br><br><br>Case No. 2:08-CV-328 TS |

Defendants Beko Associates, Inc. ("Beko")[1] and Beatrix Koev ("Koev")[2] each filed a motion to dismiss the claims brought against them by the Trustees of various trust funds ("Plaintiffs") into which Beko was to make monthly payments as a benefit to its employees. For the reasons stated herein, the Court grants Koev's motion to dismiss without prejudice, and grants in part and denies in part Beko's motion to dismiss without prejudice.

---

[1] Docket No. 4.

[2] Docket No. 2.

1

I.  BACKGROUND

Koev is a shareholder and officer of Beko.[3]  The Plaintiffs assert that Beko, and Koev under an alter ego theory, failed "to submit monthly fringe-benefit reports to the Plaintiff Trust Funds, and to pay fringe-benefit contributions to the Plaintiff Trust Funds upon all employees of Defendants who performed covered work in accordance with a Collective Bargaining Agreement . . . ."[4]  Out of this failure to provide monthly reports and pay monthly contributions for each covered employee, the Plaintiffs assert four causes of action.  First, Plaintiffs ask for injunctive relief requiring the Defendants to submit the missing monthly reports.[5]  Second, Plaintiffs seek a money judgment in the amount of back payments owed.[6]  Third, Plaintiffs assert that Koev acted as an alter ego to Beko in an attempt to hold her personally liable for the damages.[7]  Fourth, Plaintiffs originally stated that both Defendants owed a fiduciary duty under ERISA to timely make the required contributions,[8] but have subsequently clarified that they only assert a violation of fiduciary duties against Koev.[9]  Finally, Plaintiffs ask for reasonable court costs, attorney's

---

[3] *See* Reply Memorandum in Support of Defendant Koev's Motion to Dismiss, Docket No. 10, at 7.

[4] *See* Complaint, Docket No. 1, at ¶¶ 11-12.

[5] *See id.* at ¶¶ 14-17.

[6] *See id.* at ¶¶ 18-21.

[7] *See id.* at ¶¶ 22-23.

[8] *See id.* at ¶¶ 24-28.

[9] *See* Plaintiffs' Memorandum in Opposition to Defendant Beko Associates, Inc.'s Motion to Dismiss, Docket No. 6, at 2.  ("Beko misconstrues Plaintiffs' Complaint as alleging a claim for breach of fiduciary duty against Beko, in its corporate capacity.  However, Plaintiffs'

fees, and audit fees in connection with their claims.[10]  Beko and Koev individually filed motions to dismiss Plaintiffs' claims against each of them and request attorney's fees.

## II.  STANDARD OF REVIEW

When a district court is considering a motion to dismiss pursuant to Rule 12(b)(6), the court "must accept as true all well-pleaded facts, and construe all reasonable allegations in the light most favorable to the plaintiff."[11]  While the court must accept all well-pleaded facts, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[12]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[13]  A court should not weigh the evidence, but "'assess whether the

---

Complaint expressly asserts such claim only against Defendant Beatrice [sic] Koev, and not Beko.").

[10] *See id.* at ¶¶ 17, 21, & 28.

[11] *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008) (quoting *United States v. Colo. Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996)).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.").  *See also Balistreri v. Pacifica Police Dep't*, 901 F.3d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

[13] *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1974 (2007).  *See also The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ("However, the Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." (quoting *Twombly*, 127 S.Ct. at 1974)).

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'"[14]

### III.  DEFENDANT KOEV'S MOTION TO DISMISS

A.   Koev Does Not Owe a Fiduciary Duty as an Employer

Plaintiffs allege in the complaint that Koev "assumed a fiduciary duty to the Trust Funds" by entering into an agreement to pay monthly contributions into the funds.[15]  Specifically, the Plaintiffs allege that "Koev exercised control over the payment of contributions due, which are assets of the Plaintiff Trust Funds, and failed or refused to remit such contributions to the Plaintiff Trust Funds."[16]  Citing controlling Tenth Circuit law, Koev responds that "an employer who is a party to a collective bargaining agreement does not assume fiduciary responsibilities to any employee trust funds whatsoever."[17]

In *Holdeman*, the Tenth Circuit stated that "in our view, 'ERISA's text and purpose, the law of trusts, Department of Labor regulatory pronouncements, and case law all lend support to the conclusion' that 'an employer cannot become an ERISA fiduciary merely because it breaches its contractual obligations to a fund.'"[18]  Although *Holdeman* does acknowledge that the same

---

[14]  *Sunrise Valley*, 528 F.3d at 1254 (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

[15]  Docket No. 1, at ¶ 25.

[16]  *Id.* at ¶ 26.

[17]  Memorandum of Points and Authorities in Support of Defendant Koev's Motion to Dismiss, Docket No. 3, at 2 (citing *Holdeman v. Devine*, 474 F.3d 770, 777 (10th Cir. 2007); In re *Luna*, 406 F.3d 1192, 1203 (10th Cir. 2005)).

[18]  *Holdeman*, 474 F.3d at 777 (quoting In re *Luna*, 406 F.3d at 1203).

individual may wear "two hats" and act as both CEO and an ERISA fiduciary,[19] Plaintiffs' complaint simply asserts no facts from which it can be inferred that Koev was acting as a fiduciary at the time she allegedly decided not to fund the trusts.[20] The complaint asserts that Koev owed a contractual duty to pay the funds into the account, and that she failed to make the payments.[21] Plaintiffs respond that "[s]ince no discovery has been performed in this case, and no information has been produced by the Defendants, Plaintiffs are not aware of all actions or omissions on the part of Koev that may have constituted a breach of fiduciary duty."[22]

Plaintiffs should not be allowed to use discovery as a fishing expedition, particularly without first meeting the minimal requirement under the Federal Rules that a plaintiff include the "operative facts" upon which its complaint is based.[23] There is a difference between alleging with particularity individual acts that were violative of Koev's supposed fiduciary responsibility, and asserting that Koev herself was in fact an ERISA fiduciary. Presumably, the trust funds would have access to the information necessary to determine which individual(s) within each of the companies with which the Trustees work were actually designated as an ERISA fiduciary.

---

[19] *Id.* at 779-80.

[20] *See generally Pegram v. Herdrich*, 530 U.S. 221, 226 (2000) ("In every case charging breach of ERISA fiduciary duty, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, performing a fiduciary function) when taking the action subject to complaint.").

[21] *See* Docket No. 1, at ¶¶ 24-28.

[22] Plaintiffs' Memorandum in Opposition to Defendant Koev's Motion to Dismiss, Docket No. 7, at 4.

[23] *Rodgers*, 771 F.2d at 198.

While the Plaintiffs are correct in asserting that it is possible for an employer to also function as an ERISA fiduciary, nothing in the complaint or subsequent court filings gives any indication that Plaintiffs base their claim for relief upon anything other than the contract requiring Beko to pay monthly benefit contributions.  The Plaintiffs "may not use discovery as a fishing expedition" to locate an extra-contractual basis upon which they may stake their fiduciary claim.[24]  Accordingly, Plaintiffs have failed to state a claim for breach of fiduciary duty against Koev.

B.      Plaintiffs' Complaint Does Not Adequately Plead a Cause of Action for Alter Ego

The entirety of Plaintiffs' alter ego cause of action states: "At all times material to this action, Defendant Beatrix Koev acted as an alter ego of Defendant Beko Associates, Inc., and as such, is personally liable to the Trust Funds for the amounts owed by Beko Associates, Inc., as alleged herein."[25]  This conclusory statement is wholly inadequate to provide a basis upon which relief may be granted.  The complaint alleges absolutely no facts to substantiate the claim that Koev acted as an alter ego.  In their memorandum in response to Koev's motion to dismiss, Plaintiffs assert that "by alleging their alter ego theory, Plaintiffs' Complaint incorporates the eight-part test that is commonly used for analyzing such claims . . . ."[26]  But the Complaint does so without stating what those eight parts are or the factual basis for averring that Koev meets each of the eight parts of the supposed test.  Further, Plaintiffs provide Beko's Amended and

---

[24] *Anthony v. United States*, 667 F.2d 870, 880 (10th Cir. 1981).

[25] Docket No. 1, at ¶ 23.

[26] Docket No. 7, at 5.

Restated Articles of Incorporation and evidence that Koev is Beko's majority shareholder.[27] However, rather than providing any evidence of culpability, "the attachments and exhibits to Plaintiffs [sic] opposition memorandum, if anything, show that the corporate form of Defendant Beko was properly observed . . . ."[28] Therefore, Plaintiffs have failed to state a claim for alter ego against Koev.

## IV.  DEFENDANT BEKO ASSOCIATES' MOTION TO DISMISS

A.    ERISA Fiduciary Claim is not Asserted Against Beko

The complaint does not make clear whether the Plaintiffs are asserting a breach of fiduciary duty against Beko. In its memorandum, Beko replied to the breach of fiduciary claim using the same arguments as those advanced by Koev.[29] In its response, Plaintiffs clarified that they were not asserting a breach of fiduciary duty against Beko.[30] Therefore, the partes agree that Plaintiffs' Fourth Cause of Action is not asserted against Beko.

B.    Plaintiff May Proceed on its First and Second Causes of Action Without Arbitration

In their First Cause of Action, Plaintiffs assert that Beko has not fulfilled its responsibility to provide monthly accountings "to determine the amount of fringe benefit contributions that are owed for the months of September 2007 to the present . . . ."[31] In their Second Cause of Action,

---

[27] *See id.* at exhibits A & B.

[28] Docket No. 10, at 7.

[29] *See* Memorandum of Points and Authorities in Support of Defendant Beko Associates, Inc.'s Motion to Dismiss, Docket No. 5, at 2-3.

[30] *See* Docket No. 6, at 2.

[31] *See* Docket No. 1, at ¶ 16.

Plaintiffs seek recovery for the contributions they claim Beko owes the trust funds.[32]  In response, Beko contends that before Plaintiffs can seek these recoveries, it must first arbitrate the claim pursuant to the collective bargaining agreement ("CBA") in place between Beko and the union representing its employees because the CBA "requires arbitration of all disputes 'involving the application or interpretation of the terms of this Agreement' . . . ."[33]  However, because the Plaintiffs in this case are not parties to the CBA, and because the presumption of arbitrability does not apply to this dispute, Plaintiffs may proceed in this Court on their First and Second Causes of Action.

Beko has provided no evidence that the Trustees are bound to or ever signed the CBA, which is dispositive of its claim that the Plaintiffs must first arbitrate the First and Second Causes of Action.  However, even if the Trustees were parties to the CBA, when determining whether the parties here are bound to the CBA provision that requires mandatory arbitration, "the question is whether the parties to the agreements at issue . . . intended to condition the trustees' contractual right to seek judicial enforcement of the trust agreements on exhaustion of the arbitration procedures set forth in the collective-bargaining agreements."[34]  When determining the parties' intent, a court should evaluate whether "the presumption in favor of arbitrability applied in the Steelworkers Trilogy" is applicable.[35]  The presumption of arbitrability applies

---

[32] *Id.* at ¶¶ 18-21.

[33] *See* Docket No. 5, at 5-6.

[34] *Schneider Moving and Storage Co. v. Robbins*, 466 U.S. 364, 371 (1984).

[35] *Id.* at 371-72 (citing *Steelworkers v. American Mfg. Co.*, 363 U.S. 564 (1960); *Steelworkers v. Warrior and Gulf Navigation Co.*, 363 U.S. 574 (1960); *Steelworkers v.*

when one of the parties has the ability to resort to "the economic weapons of strike and lockout."[36]  In *Robbins*, the court found the presumption did not apply because "the trustees of employee-benefit funds have no recourse to either of those weapons" and therefore the presumption of arbitrability "would promote labor peace only indirectly, if at all."[37]

Beko contends that the presumption of arbitrability should apply because the Plaintiffs may release the union from its responsibility to uphold the "No Work Stoppage" provision of the CBA.  Beko relies on Article XIII of the CBA, which states:

> If the Board of Trustees of any said trust makes a written determination that the employer is delinquent in making payments or in furnishing timely and proper reports . . . the Union there-after may refuse to furnish workmen to such delinquent employers, or may direct workmen employed by such delinquent employers to cease working which actions by the Union shall not be subject to or considered to be a violation of the No Work Stoppage Provisions of this Agreement.[38]

Plaintiffs rightfully reply that "the alleged provision of the collective bargaining agreement set forth within Beko's Memorandum only give *the Union* the right to withhold works from an employer that is delinquent in making contributions.  It does not give the trustees any control over any arbitrations, strikes[,] or lockouts on the part of the Union."[39]  Because the Trustees do not have the literal power to cause Beko's employees to strike, the Trustees do not have control

---

*Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960)).

[36]  *Id.* at 372.

[37]  *Id.*

[38]  Reply Memorandum in Support of Defendant Beko Associates, Inc.'s Motion to Dismiss, Docket No. 9, at 5-6.

[39]  Docket No. 6, at 4.

over the economic weapons the type of which was contemplated in the *Robbins* decision. Therefore, "the presumption of arbitrability is not a proper rule of construction in determining whether arbitration agreements between the union and the employer apply to disputes between trustees and employers, even if those disputes raise questions of interpretation under the collective-bargaining agreements."[40]

## V.  ATTORNEY'S FEES

A.     Defendant's Claim for Fees

Defendants Beko and Koev both seek attorney's fees to cover the response to Plaintiffs' fiduciary claim.  The Defendants claim they showed the Plaintiffs the contrary controlling Tenth Circuit case law replied upon in this memorandum decision.[41]  Defendants cite no contractual or statutory provisions, rule of civil procedure, or any Tenth Circuit case law entitling them to collect attorney's fees in this situation, and therefore their requests are denied.

B.     Plaintiff's Claim for Fees

Plaintiffs ask for reasonable court costs, attorney's fees, and audit fees in connection with their various claims in this action.  Because the Court has not reached a final judgment in this case, the request is denied without prejudice.  Furthermore, the Plaintiffs cite no controlling law, and the Court is not aware of any law, allowing the Court to grant costs pursuant to a response to a motion to dismiss.

---

[40]  *Robbins*, 466 U.S. at 372.

[41]  Docket No. 3, at 2-3; Docket No. 5, at 3.

## VI.  CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Defendant Koev's Motion to Dismiss (Docket No. 2) is GRANTED without prejudice.  It is further

ORDERED that Defendant Beko Associates' Motion to Dismiss (Docket No. 4) is GRANTED without prejudice with respect to Plaintiffs' Fourth Cause of Action and DENIED with respect to Plaintiffs' First and Second Causes of Action.

DATED   July 28, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge